IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY SCHRADER, | ) | |
| Plaintiff, | ) ) ) | 8:09CV33 |
| v. | ) ) | |
| HENNINGSEN FOODS, INC., and Q.P. CORPORATION, | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) ) | |

This matter is before the court on the reasserted motion to dismiss for lack of personal jurisdiction filed by defendant Q.P. Corporation ("QP"), Filing No. 48, and plaintiff's motion to strike the declaration of Katsuhiko Sasaki, Filing No. 25.

I.  BACKGROUND

In her amended complaint, the plaintiff, a 29-year-old Caucasian woman, alleges defendants discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act, 42 U.S. C. § 2000e and 42 U.S.C. § 1981.  Filing No. 36, Amended Complaint. She alleges that she was fired for excessive absences and that employees of Hispanic heritage with similar records were not subjected to comparable negative employment consequences.  *Id.* at 3.  Defendant QP moves to dismiss for lack of jurisdiction, asserting that it lacks minimum contacts with the forum.  See Filing No. 18 (original motion).

Corporate disclosure statements show that defendant Henningsen is a wholly-owned subsidiary of Kifuki U.S.A. Co., Inc., a Delaware corporation, which is in turn a wholly-owned subsidiary of defendant QP, a Japanese corporation traded on the Tokyo Stock Exchange.  Filing Nos. 16 & 17.  In her amended complaint, the plaintiff contends

that QP and Henningsen are in fact engaged in a joint venture with interrelated operations and common management. Filing No. 36, Amended Complaint.

In support of its motion to dismiss, QP submits the declaration of Katsuhiko Sasaki, Chief Financial Officer of QP. Filing No. 20, Declaration of Katsuhiko Sasaki. QP has shown that it is a Japanese corporation with its principal place of business in Tokyo, Japan. *Id.* at 2. It has no office or employees in Nebraska, nor does it engage in any business in Nebraska. *Id.* It does not own or lease any real estate in Nebraska and does not have a registered agent in Nebraska. *Id.* Further, Sasaki's declaration establishes that QP does not have control over the hiring of any employees of Henningsen and there is no common management or any interrelationship of operations between QP and Henningsen. *Id.* The plaintiff has submitted no evidence in opposition to defendant QP's Fed. R. Civ. P. 12(b)(2) motion, but instead moves to strike the Sasaki declaration, asserting that "Rule 12 motions address the sufficiency of the pleadings, rather than the supporting evidence, any evidence/exhibits are beyond the scope of a rule 12 motion and irrelevant to this proceeding." Filing No. 25.

II. DISCUSSION

A. Law

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie case showing there is personal jurisdiction over the defendant." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003). The court "views the evidence in the light most favorable to the plaintiff and resolves all factual conflicts in the plaintiff's favor." *Id.* To withstand QP's motion under Fed. R. Civ. P. 12(b)(2), plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [QP]

2

may be subjected to the jurisdiction of the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). If jurisdiction has been controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). Plaintiff's prima facie case "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (internal quotations and citations omitted); *see also Jet Charter Serv., Inc. v. W. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990) ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."); *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir.1967) (holding that "the mere allegations of the complaint, when contradicted by affidavits," are not enough to confer personal jurisdiction—"facts, not mere allegations, must be the touchstone.").

Personal jurisdiction over a defendant must satisfy the requirements of the forum state's long-arm statue and of due process. *Dever*, 380 F.3d at 1073. Nebraska's long-arm statute allows this court to exercise personal jurisdiction over a person who: (1) transacts any business in the state; (2) contracts to supply services or things in the state; (3) causes tortious injury by an act or omission in the state; and (4) causes tortious injury in the state by an act or omission outside the state if the person regularly does or solicits business in the state. *See* Neb. Rev. Stat. § 25-536(a)-(d). Because Nebraska's long-arm statute has been construed to permit jurisdiction to the extent of constitutional limits, the issue before this court is whether the exercise of personal jurisdiction comports with due process. *Oriental Trading Co. v. Firetti*, 236 F.3d 938, 943 (8th Cir. 2001).

Due process requires that a defendant have sufficient "minimum contacts" with the forum state that are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). In evaluating whether a defendant's contacts in the forum state satisfy due process, a court considers five factors: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. *Miller,* 528 F.3d at 1091.

With respect to the third factor, courts distinguish between specific jurisdiction and general jurisdiction. *Id.*; *Steinbuch,* 518 F.3d at 586. "A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state." *Steinbuch,* 518 F.3d at 586. "The plaintiff must make a prima facie showing, however, that the defendant's contacts were not 'random,' 'fortuitous,' or 'attenuated.'" *Id.* Specific jurisdiction occurs when "the defendant has purposefully directed its activities at residents of the forum state" and litigation results from alleged injuries arising out of or relating to those activities. *Id*.

Under both theories, "the central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." *Pecoraro,* 340 F.3d at 562. A defendant must reasonably anticipate being haled into court in a particular forum where its intentional and allegedly tortious actions were aimed and where the injured party

4

receives the brunt of the injury resulting from the conduct. *Calder v. Jones*, 465 U.S. 783, 789-790 (1984).

In the Eighth Circuit, there is a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances. *Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007). However, "[i]n civil rights actions, 'superficially distinct enterprises may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer.'" *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763 (5th Cir.1997) (*quoting* *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983)). To determine whether a parent corporation and its subsidiary may be regarded as a "single employer" in civil rights cases, the Eighth Circuit Court of Appeals has adopted the four-part analysis originally promulgated by the National Labor Relations Board: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations; and (4) common ownership or financial control. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 392 (8th Cir. 1977).

"A parent company may only be the employer of its subsidiary's employees if: (1) 'the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer,' or (2) 'the parent company is linked to the alleged discriminatory action because it controls 'individual employment decisions.'" *Brown*, 494 F.3d at 739 (quoting *Johnson v. Flowers Indus. Inc.*, 814 F.2d 978, 981 (4th Cir.1987) and *Leichihman v. Pickwick Int'l*, 814 F.2d 1263, 1268 (8th Cir.1987)). To be an employer, the parent company must exercise a degree of control that exceeds the control normally exercised by a parent corporation. *Brown*, 494 F.3d at 739.

### B. Analysis

The court first finds that the plaintiff's motion to strike the declaration of Katsuhiko Sasaki should be denied. This court may properly consider evidence to resolve a challenge to personal jurisdiction. The Sasuki Declaration establishes that there was no interrelationship of operations, centralized control of labor or employment decisions, or common management between QP and Henningsen. The plaintiff has submitted nothing other than bare allegations to refute QP's showing. QP has shown that the two defendants cannot be regarded as a single employer with respect to the plaintiff. Absent control of employment decisions or dominating a subsidiary's operations, there is no showing that QP purposefully avails itself of the privilege of conducting activities in this state and should, therefore, reasonably anticipate being haled into court here. The plaintiff has not sustained her burden to present facts to support a reasonable inference that QP may be subjected to the jurisdiction of the forum state.

Unrefuted evidence shows that Q.P. is a Japanese corporation with its principal place of business in Japan. It does not have any business offices or an agent to accept service of process in Nebraska, is not licensed to conduct business in Nebraska, and owns no real property in Nebraska. There is no evidence that QP exercises a degree of control over Henningsen that exceeds the control normally exercised by a parent corporation over its subsidiary such that QP and Henningsen can be regarded as one employer. The court finds that the plaintiff has not made the requisite prima facie showing of minimum contacts to satisfy due process. Accordingly, the court finds that defendant QP's motion to dismiss should be granted.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion to strike (Filing No. 25) is denied;

2. Defendant Q.P.'s reasserted motion to dismiss for lack of jurisdiction (Filing No. 48) is granted;

3. Defendant Q.P. is dismissed as a party to this action.

DATED this 20th day of November, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.