**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **AMY SCHRADER,** | ) | |
| **Plaintiff,** | ) | **8:09CV33** |
| **vs.** | ) | **ORDER** |
| **HENNINGSEN FOODS, INC.,** | ) | |
| **Defendant.** | ) | |
| **DIANE MORBACH,** | ) | |
| **Plaintiff,** | ) | **8:09CV170** |
| **vs.** | ) | **ORDER** |
| **HENNINGSEN FOODS, INC.,** | ) | |
| **Defendant.** | ) | |

This matter is before the court on the plaintiff's Motion to Compel Discovery Compliance (Filing No. 84 in Case No. 8:09CV33; Filing No. 42 in Case No. 8:09CV170).[1] The motion is supported by the plaintiffs brief. (Filing No. 85). The plaintiffs seek an order compelling the defendant to fully respond to the Amended First Set of Interrogatories, specifically Interrogatory No. 3, requesting, as amended, a list of all individuals employed at the defendant's David City facility on July 30, 1998. **See** Filing No. 84 - Motion to Compel. The defendant filed a brief (Filing No. 87) in opposition to the motion. The plaintiff filed a brief (Filing No. 88) in reply.

**BACKGROUND**

In her amended complaint, Amy Schrader (Schrader) alleges the defendant discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act

[1] All citations in the record will only be to the filings in case number 8:09CV33, unless specifically noted otherwise.

of 1964 (Title VII), 42 U.S.C. § 2000e, and the Civil Rights Act of 1966, 42 U.S.C. § 1981. **See** Filing No. 36 - Amended Complaint p. 1. According to her amended complaint, Schrader was employed at the defendant's David City egg processing facility from approximately July 13, 1998 until February 29, 2000, and then rehired from March 13, 2000 through August 16, 2007. ***Id.*** at 3; Filing No. 52 - Answer p. 3. Schrader believes she was terminated for excessive absenteeism and/or tardiness, rather than for performance issues. **See** Filing No. 36 - Amended Complaint p. 1. Schrader acknowledged several illnesses kept her from work during the period of 2006 and 2007; however, she claims to have provided the defendant with medical documentation for most of the absences during that time. ***Id.*** The crux of the Schrader's complaint is that several employees of Hispanic heritage were also absent as much as, or more than, Schrader, but without suffering any adverse employment actions. ***Id.*** Schrader claims her race and/or national origin comprised a substantial motivating factor in the defendant's termination of her employment. ***Id.*** Schrader seeks lost wages and benefits, among other things, due to the termination. ***Id.*** at 5.

Similarly, Diane Morbach (Morbach) brought an action alleging the defendant discriminated against her on the basis of race in violation of Title VII, and the Civil Rights Act of 1966, 42 U.S.C. § 1981. **See** Filing No. 1 - Complaint p. 1 in Case No. 8:09CV170. Morbach was employed at the defendant's David City egg processing facility from May 15, 2002 until September 11, 2007. ***Id.*** at 3; Filing No. 22 - Answer p. 3 in Case No. 8:09CV170. Morbach contends she was terminated "for the convenience of the company" rather than for performance related issues. **See** Filing No. 1 - Complaint p. 3 in Case No. 8:09CV170. Morbach also believes the defendant employed an increasing number of Hispanic individuals in the four years prior to her termination, which coincided with a diminution in the Caucasian workforce. ***Id.*** Morbach seeks lost wages and benefits, among other things, due to the termination. ***Id.*** at 5.

The defendant admitted it is an "employer" within the meaning of Title VII but otherwise denied the plaintiffs' allegations as to race discrimination, and further alleges the plaintiffs failed to exhaust their administrative remedies by failing to file administrative charges with the EEOC alleging race discrimination against the defendant. **See** Filing No.

52 - Answer p. 2, 4 in Case No. 8:09CV33; Filing No. 22 - Answer p. 2, 4 in Case No. 8:09CV170. On November 20, 2009, the court dismissed Q.P. Corporation as a party defendant for lack of personal jurisdiction. **See** Filing No. 78 in Case No. 9:09CV33; Filing No. 36 in Case No. 8:09CV170. The cases of Schrader and Morbach were consolidated for purposes of discovery by order dated December 1, 2009, pursuant to Fed. R. Civ. P. 42(a). **See** Filing No. 82 - Order.

On July 21, 2009, the plaintiffs served the First Set of Interrogatories on the defendant. **See** Filing No. 53 - Certificate of Service. On August 19, 2009, the defendant served its Answers and Objections in response to said interrogatories. **See** Filing No. 65 - Certificate of Service. The plaintiff then served an Amended First Set of Interrogatories on the defendant on October 9, 2009. **See** Filing No. 75 - Certificate of Service. On November 6, 2009, the defendant responded to the amended interrogatories. **See** Filing No. 77 - Certificate of Service. At issue is Interrogatory No. 3, which requested identification of all individuals employed at the defendant's David City facility on the following dates: March 15, 1995; September 30, 2000; March 30, 2005; and March 30, 2007. **See** Filing No. 85 - Brief p. 1-2. The defendant objects to the request for information relating to March 15, 1995. ***Id.*** at 2. The defendant's objection states, in relevant part:

> **Henningsen's Answer and/or Objection**: To the extent this interrogatory seeks such information as of March 15, 1995, Henningsen Foods objects to this interrogatory for the reason that the information sought is not relevant to any claim or defense in this action.

***Id***. The defendant did, however, attach a list of individuals employed by Henningsen Foods at its David City facility for the three later dates. ***Id.***

On November 10, 2009, the plaintiffs sent an email request to the defendant amending the subject interrogatory seeking identification of all individuals employed at the David City facility as of July 30, 1998, rather than March 15, 2005. ***Id.*** at 2. The defendant again asserted, by email, that the requested information was irrelevant and declined to provide the information to the plaintiffs. ***Id.*** On December 17, 2009, the plaintiffs filed the instant motion to compel discovery of the requested information. **See** Filing No. 84.

**ANALYSIS**

According to Fed. R. Civ. P. 26(b)(1), the scope of discovery includes anything which is reasonably calculated to lead to the discovery of admissible evidence. Specifically,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

"The District Court does have discretion to limit the scope of discovery." ***Credit Lyonnais v. SGC Int'l, Inc.***, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." ***Hayden v. Bracy***, 744 F.2d 1338, 1342 (8th Cir. 1984).

The defendant argues the requested information is not relevant to the claims and defenses of this action. **See** Filing No. 87 - Brief p. 2. However, the defendant concedes the information need only be reasonably calculated to lead to the discovery of admissible evidence, as required by Fed. R. Civ. P. 26(b)(1). ***Id.*** at 5. Here, the defendant's arguments against relevance relate to the probable future use of the information by the plaintiffs at trial. The defendant states,

> The identities of the David City workers 20 months before Ms. Schrader was rehired in 2000 and 46 months before Ms. Morbach was hired in 2002, and over nine years before they

> were both terminated by Henningsen Foods in 2007, would hardly make it 'more probable or less probable' that Plaintiffs were terminated because of unlawful disparate treatment discrimination.

***Id.*** at 5-6. The defendant contends, that since both actions in this matter relate to disparate and discriminatory treatment, the composition of the workforce at the David City facility is not relevant to the reasons the plaintiffs were discharged. ***Id.*** at 6. However, to determine whether evidence is relevant, the court need only consider whether the evidence includes a matter which would bear on the claims or defenses of a party. **See** ***Oppenheimer***, 437 U.S. at 351.

In reply, the plaintiffs argue evidence of a sharp increase in the defendant's Hispanic workforce tends to support the plaintiffs' claims of discriminatory treatment. **See** Filing No. 88 - Reply p. 1. The plaintiffs argue a significant transformation of the defendant's workforce tends to establish a claim for preferential treatment, even if it does not establish so conclusively. ***Id.*** The plaintiffs further assert, that for all intents and purposes, Schrader worked at the defendant's facility from July 15, 1998 to August 16, 2007, having only a two-week employment hiatus. ***Id.*** at 2. According to the plaintiffs, requesting information from July 30, 1998 (or March 15, 1995), would be relevant to show a trend or pattern of discriminatory treatment by the defendant. ***Id.*** Finally, the plaintiffs argue evidence of a demographic transformation suggesting a hiring preference by the defendant for Hispanic workers is an evidentiary issue which may be proved or disproved at trial. ***Id.*** at 1.

The court finds the plaintiffs have met the burden of showing discovery of the defendant's David City workforce as of July 30, 1998, is relevant to the issues raised by the plaintiffs' claims. Schrader was first hired by the defendant on July 15, 1998, and the plaintiffs are now requesting a roster of the employees who worked at the facility two weeks after Schrader was hired. As noted in ***Oppenheimer***, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. ***Oppenheimer***, 437 U.S. at 351. As the plaintiffs seek information regarding the composition of the defendant's employees throughout the terms of their employment, the court finds the plaintiffs' request for information is

reasonably calculated to lead to the discovery of admissible evidence as it relates to the plaintiffs' claims. Such discovery may aid in a determination regarding the defendant's alleged disparate treatment of the plaintiffs. Additionally, the defendant previously provided a roster of employees on other dates the plaintiffs were employed by defendant. Therefore, the court grants the plaintiffs' motion to compel the defendant to provide a list of individuals employed at its David City facility as of July 30, 1998.

Having considered the parties arguments, the court must examine whether sanctions are appropriate in this matter. With regard to motions to compel discovery responses, Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> * * *
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Upon reviewing the circumstances of this case, the court finds the motion to compel was warranted; however, the defendant's objections were substantially justified in some respects.[2] The defendant asserted legitimate reasons for the objection submitted, though the objection was not found to be supportable. Thus, the court finds the defendant has shown substantial justification for its position as to the discovery response addressed herein. **See** Fed. R. Civ. P. 37(a)(5)(A). Further, the plaintiffs do not seek sanctions associated with their motion to compel. The court finds sanctions are not warranted in this case and will not assess sanctions against either party with regard to the instant discovery dispute. Upon consideration,

---

[2] The provisions of Rule 37(a)(5) provide that sanctions may not be appropriate where a motion was substantially justified. "Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." Charles A. Wright, et al., ***Federal Practice and Procedure*** § 2288 (2d ed. 1994).

**IT IS ORDERED:**

1. The plaintiffs' Motion to Compel Discovery Compliance (Filing No. 84 in Case No. 8:09CV33; Filing No. 42 in Case No. 8:09CV170) is granted.

2. The defendant shall have to **on or before February 24, 2010**, to provide supplemental responses to the plaintiffs' Interrogatory No. 3.

**ADMONITION**

Pursuant to NECivR 72.2 any objection of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 11th day of February, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.