IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY SCHRADER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV33 |
| | ) | |
| vs. | ) | PROTECTIVE ORDER |
| | ) | |
| HENNINGSEN FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| DIANE MORBACH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV170 |
| | ) | |
| vs. | ) | PROTECTIVE ORDER |
| | ) | |
| HENNINGSEN FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**WHEREAS**, Plaintiffs Amy Schrader and Diane Morbach (Plaintiffs) and their counsel in the above actions have sought, from Defendant Henningsen Foods, Inc. (Henningsen), production of financial information of, pertaining to, and regarding Henningsen, which information Henningsen regards as being highly confidential; and

**WHEREAS**, counsel for Plaintiffs and Henningsen have in good faith conferred and have agreed upon the terms of a Protective Order to cover and apply to financial information which may be disclosed by Henningsen in this case, and for good cause shown;

**NOW, THEREFORE,** Plaintiffs and Henningsen, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and subject to the approval of the Court, stipulate to the entry of the following Protective Order:

1.  **Scope of Protection**

    1.1.   This Protective Order shall apply to all CONFIDENTIAL FINANCIAL INFORMATION.

    1.2   "CONFIDENTIAL FINANCIAL INFORMATION," for purposes of this Protective Order, shall mean any and all financial records and financial information of, pertaining to, or regarding Henningsen and/or any of Henningsen's affiliated entities, which may be produced in these actions by Henningsen, by any of Henningsen's

affiliated entities, or by any of Henningsen's or its affiliates' accountants or other representatives, for inspection and/or copying by Plaintiffs or their attorney(s), *including but not limited to* such of the foregoing as are financial statements, balance sheets, statements of profit and loss, tax returns, or pro forma tax returns, as well as any and all information, extracts and summaries derived from any of the foregoing, testimony relating to any of the foregoing in or at any deposition or during any hearing or other proceeding, and all deposition, hearing and trial exhibits relating to any of the foregoing, whether produced informally or in response to any formal method of discovery. CONFIDENTIAL FINANCIAL INFORMATION shall further include (a) all copies of such information; (b) portions of deposition testimony, deposition transcripts and exhibits thereto that contain or reflect any such information, extracts, or summaries; and (c) portions of briefs, memoranda and any other papers filed with the Court and exhibits thereto that contain or reflect any such information, extracts, or summaries.

   1.3. This Protective Order shall apply to Plaintiffs, their attorney(s), and their attorneys' legal assistants, professional, clerical and secretarial staffs, agents and representatives, and, as provided in and subject to paragraph 3.1, any independent experts and consultants employed or retained by Plaintiffs or their attorneys to assist them in the prosecution of either of the above-captioned actions (collectively herein referred to as RECIPIENTS).

## 2. Limit On Use And Disclosure Of CONFIDENTIAL FINANCIAL INFORMATION.

   2.1. RECIPIENTS shall use, copy and disclose CONFIDENTIAL FINANCIAL INFORMATION only in connection with and as reasonably necessitated by the prosecution of the above-captioned actions, unless other use is permitted by written consent of Henningsen (or its attorneys of record) or by order of the Court.

   2.2 None of the RECIPIENTS shall disclose or release, to any person not authorized under this Protective Order, any CONFIDENTIAL FINANCIAL INFORMATION for any purpose, or to any person authorized under this Protective Order for any purpose other than a purpose permitted by this Protective Order.

   2.3. RECIPIENTS shall not publicly disclose or publish, or cause the

publication of, any CONFIDENTIAL FINANCIAL INFORMATION for any purpose.

2.4. RECIPIENTS shall exercise reasonable care to ensure that all CONFIDENTIAL FINANCIAL INFORMATION is (a) used only for the purposes specified in this Protective Order, and (b) disclosed only to authorized RECIPIENTS.

3. **Disclosure to Independent Consultants and Experts**.

3.1. CONFIDENTIAL FINANCIAL INFORMATION may be disclosed to independent consultants and experts who are employed or retained by Plaintiffs or their attorneys to assist them in the prosecution of this litigation, but only if both of the following two conditions are met:

(A) Such expert or consultant must reasonably require such CONFIDENTIAL FINANCIAL INFORMATION to render such assistance; and

(B) Such expert or consultant must have signed and dated, prior to the disclosure, a written document acknowledging and agreeing to be bound by the terms of this Protective Order with respect to all CONFIDENTIAL FINANCIAL INFORMATION disclosed to such expert or consultant.

3.2. Counsel for Plaintiffs shall maintain a list of the names and addresses of all persons to whom CONFIDENTIAL FINANCIAL INFORMATION is disclosed pursuant to this Protective Order and shall provide a copy of that list to the attorney of record for Henningsen upon request within thirty (30) days after final termination of this action (including any appeals).

4. **Agreement of Confidentiality**.

4.1. In no event shall RECIPIENTS disclose any CONFIDENTIAL FINANCIAL INFORMATION to any person authorized to receive such information by this Protective Order – <u>other than</u> (a) the Court and Court personnel, (b) Plaintiffs' attorney(s) and those attorneys' authorized legal assistants and professional, clerical and secretarial staffs, (c) court reporters, and (d) outside copying and computer services necessary for document handling – unless and until such person shall have first executed a written document acknowledging and agreeing to be bound by the terms of this Protective Order with respect to any CONFIDENTIAL FINANCIAL INFORMATION disclosed by

RECIPIENTS to such person. This paragraph shall not authorize disclosure of CONFIDENTIAL FINANCIAL INFORMATION to any person not otherwise authorized to receive such information under this Protective Order.

5. **Depositions, Hearing Testimony, and Argument.**

    5.1.   Whenever counsel for Henningsen deems that any question or line of questioning at any deposition calls for, may call for, or may result in disclosure of CONFIDENTIAL FINANCIAL INFORMATION, all persons other than the court reporter, the witness being examined, parties to this action and their respective legal counsel, and persons authorized to receive such information under this Protective Order, shall be excluded from the deposition room or location.

    5.2.   With respect to hearings and other Court proceedings, whenever counsel for Henningsen deems that any question, line of questioning, or argument calls for, may call for, or may result in the disclosure or discussion of CONFIDENTIAL FINANCIAL INFORMATION, counsel for Henningsen *may request* the Court to exclude from the hearing or other proceeding any person other than the witness being examined, parties to this action and their respective legal counsel, Court personnel, and persons authorized to receive such information under this Protective Order. The Court shall retain its discretion to grant or deny any such request.

6. **Disclosure to Author or Recipient.**

    6.1.   Nothing in this Order shall prohibit RECIPIENTS from disclosing a document containing CONFIDENTIAL FINANCIAL INFORMATION to any person that the document clearly identifies as an author, addressee, or copy recipient of such document, or to any current employee of Henningsen who by his/her testimony indicates that he/she has access in the course of his or her employment to the information sought to be disclosed. During deposition or trial testimony, RECIPIENTS may disclose documents containing CONFIDENTIAL FINANCIAL INFORMATION to a current employee or officer of Henningsen who by his/her testimony indicates he/she has access in the course of his or her employment to the information sought to be disclosed, or as otherwise permitted by the Court. Further, if a document or testimony

4

containing CONFIDENTIAL FINANCIAL INFORMATION makes reference to the actual or alleged conduct or statements of a person who is a potential witness, RECIPIENTS may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

7. **Designation of Documents under Seal**.

7.1. Any CONFIDENTIAL FINANCIAL INFORMATION, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party(ies) filing any paper which reflects, contains or includes any CONFIDENTIAL FINANCIAL INFORMATION shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action(s), the party(ies) filing the materials, the nature of the materials filed, the legend "CONFIDENTIAL FINANCIAL INFORMATION," and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of all parties to this action.

8. **Other Protections**.

8.1. No RECIPIENT shall use or allow the use of any CONFIDENTIAL FINANCIAL INFORMATION, or information derived therefrom, for any purpose other than, or not reasonably necessary to, the prosecution of the above-captioned actions.

8.2. Any party may mark any document or thing containing CONFIDENTIAL FINANCIAL INFORMATION as an exhibit to a deposition, hearing or other proceeding, subject to the provisions of this Protective Order. Any party may examine any witness, who is qualified under the terms of this Protective Order to have access to CONFIDENTIAL FINANCIAL INFORMATION, regarding such CONFIDENTIAL

FINANCIAL INFORMATION.

9. **Further Protective Orders.**

9.1. This Protective Order shall not preclude Henningsen from seeking and obtaining, on an appropriate showing, such additional protection with respect to CONFIDENTIAL FINANCIAL INFORMATION, or any other information, as Henningsen may consider appropriate.

10. **Limitation of Protective Order.**

10.1. This Protective Order is not intended to address discovery objections to production, answering, or responding that are asserted on any ground(s) available by law or under the Federal Rules of Civil Procedure or the local rules of this district, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate on any ground available by law or under the Federal Rules of Civil Procedure or the local rules of this district.

10.2 This Protective Order does not address waiver of the attorney-client privilege or work product doctrine based on inadvertent disclosure or otherwise. Plaintiffs and Henningsen expressly reserve the right to seek relief or protective orders from the Court that inadvertent disclosure of attorney-client privileged or work product information or documents shall not be deemed a waiver and that the material shall be returned to the producing party if the Court determines that there has not been a waiver.

11. **Other Proceedings.**

11.1. By entering this Protective Order and limiting the disclosure of CONFIDENTIAL FINANCIAL INFORMATION in this litigation, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in other litigation. Any RECIPIENT who may be subject to a subpoena, motion to compel, or other legal process or proceedings seeking disclosure or production of Henningsen's CONFIDENTIAL FINANCIAL INFORMATION in other litigation shall in a prompt and timely manner notify Henningsen (or the attorney of

record for Henningsen) of the motion so that Henningsen may have an opportunity to appear and be heard on whether such information should be disclosed.

**12. Return of CONFIDENTIAL FINANCIAL INFORMATION.**

12.1. Within forty-five (45) days after final termination of this action (including any appeals), RECIPIENTS shall assemble and return all materials containing CONFIDENTIAL FINANCIAL INFORMATION, including all copies, extracts and summaries thereof, to Henningsen's attorney of record, except that (a) any such documents or copies which contain, constitute or reflect an attorney's work product or attorney-client privileged communication, and (b) any archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses, may be destroyed by counsel for the Plaintiffs.

**13. Waiver or Termination of Order.**

13.1. The restrictions imposed by this Protective Order may be waived or terminated only upon a written stipulation executed by the respective attorneys of record for both Plaintiffs and Henningsen, or by an order of the Court for good cause shown. The restrictions provided for in this Protective Order shall not terminate upon the conclusion of this action, but shall continue until further order of the Court.

**IT IS SO ORDERED.**

Dated this 26th day of February, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge