IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY SCHRADER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV33 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HENNINGSEN FOODS, INC., | ) | |
| and Q.P. CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |
| DIANE MORBACH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV170 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HENNINGSEN FOODS, INC., | ) | |
| and Q.P. CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Hearing (Filing No. 96 in Case No. 8:09CV33; Filing No. 54 in Case No. 8:09CV170)¹. Specifically, the plaintiff seeks a hearing on defendant's objection to the plaintiff's proposed subpoena duces tecum to be served on the Nebraska Workforce Development.  **Id.** at p. 1.  The motion is supported by plaintiff's brief.  (Filing No. 97).  The plaintiff originally filed a Notice of Intent to File Subpoena Duces Tecum on July 31, 2009.  (Filing No. 56).  The defendant filed an Objection to the notice on August 4, 2009.  (Filing No. 58).

Neb.R.Civ.P. 7.0.1(i) requires:
> To curtail undue delay in the administration of justice, the court only considers a discovery motion in which counsel for the moving party, in the written motion, shows that after **personal consultation with counsel for opposing parties and sincere attempts to resolve differences**, counsel cannot reach an accord.  This showing must also state the date, time and place of the communications and the names of

---

¹ By ORDER Amy Schrader v. Henningsen Foods, Inc., 8:09CV33, and Diane Morbach v. Henningsen Foods, Inc., 8:09CV170 are consolidated for purposes of discovery. Case No. 8:09CV33 is designated as the "Lead Case." Case No. 8:09CV170 is designated as the "Member Case." This Order will refer to the Plaintiff as "Schrader" for purposes of discovery, but applies to both the Lead Case and the Member case.

> all participating persons. As used in this rule, "counsel" includes pro se parties.

(*emphasis added*). According to the plaintiff's motion, supporting brief and docket activity, there is no evidence to show efforts have been made to resolve this issue between the parties, as required by Neb.R.Civ. P. 7.0.1(i), following the filing of the defendant's Objection. Counsel should consult with the opposing party in an attempt to resolve the outstanding subpoena duces tecum issue, and the motion may be re-filed after such efforts have been made and documented as required by rule. Upon consideration,

**IT IS ORDERED:**

1. Plaintiff's Motion for Hearing regarding defendant's objection to the subpoena duces tecum (Filing No. 96 in Case No. 8:09CV33; Filing No. 54 in Case No. 8:09CV170) is denied without prejudice.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 3rd day of March, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.