IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY SCHRADER, | ) | |
| Plaintiff, | ) | 8:09CV33 |
| v. | ) | |
| HENNINGSEN FOODS, INC., and Q.P. CORPORATION, | ) | |
| Defendants. | ) | |
| DIANE MORBACH, | ) | |
| Plaintiff, | ) | 8:09CV170 |
| v. | ) | MEMORANDUM AND ORDER |
| HENNINGSEN FOODS, INC., and Q.P. CORPORATION, | ) | |
| Defendants. | ) | |

This matter is before the court on the respective plaintiffs' motions to reconsider and strike. Filing No. 79 in 8:09CV33 and Filing No. 37 in 8:09CV170.[1] Plaintiffs seek reconsideration of the court's orders dismissing defendant Q.P. Corporation ("QP") for lack of personal jurisdiction, Filing No. 78 in 8:09CV33 and Filing No. 36 in 8:09CV170.

Plaintiffs contend that they did not respond to the defendants' motions to dismiss through oversight in the Morbach case and because they had moved to amend a progression order in the Schrader case. They now seek an opportunity to respond. In support of the motions to dismiss, defendants presented the declaration of Katsuhiko

---

[1] Also pending is a motion to amend the progression order, Filing No. 67 in 8:09CV33. The motion will be rendered moot by this decision and will be denied.

Sasaki to show that QP did have the requisite minimum contacts with Nebraska to be subject to suit in this jurisdiction.  *See* Filing No. 78 in 8:09CV33, Memorandum and Order at  6; Filing No. 36 in 8:09CV109, Memorandum and Order at 6.  Plaintiffs did not respond to QP's showing, instead moving in the Schrader case to strike the pleading and arguing that QP's evidence was beyond the scope of the motion because Rule 12 motions address the sufficiency of pleadings.  *Id.* at 2 in 8:09CV33.  The court stayed discovery with respect to defendant QP, pending disposition of the motion.  Filing No. 63 in 8:09CV33.  Plaintiff Schrader moved to amend the progression order, asking the court to lift the stay to permit discovery "of information and matter relevant and probative of the relationship" between defendants Henningsen Foods, Inc. ("Henningsen") and QP.  Filing No. 68 in 8:09CV33, Brief at 1.  Defendant Henningsen opposed the motion.  Filing No. 70, in 8:09CV33, Brief.

QP moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).  Under subsection (b)(2), supporting affidavits or declarations are allowed, as the court noted in the Memorandum and Order.  *See* Fed. R. Civ. P. 12(d); *see also* Filing No. 78 in 8:09CV33, Memorandum and Order at 3.  Notably, discovery had been stayed with respect  to defendant QP only, not with respect to defendant Henningsen, which presumably would also have been in possession of information relevant to its relationship with its parent corporation, QP.  The plaintiffs had an opportunity to obtain and present evidence in opposition to the motion, but failed to do so.  The filing of a motion to amend the progression order does not relieve a party of the obligation to respond to a motion, especially on an issue on which that party bears the burden of proof.  Plaintiffs have not refuted the evidence presented by defendant QP.  The court stands by its earlier finding.  "There is a 'strong presumption that a parent company is not the employer of its subsidiaries' employees, and the courts have found

otherwise only in extraordinary circumstances." See Brown v. Fred's Inc., 494 F.3d 736, 739 (8th Cir. 2007). Accordingly,

IT IS ORDERED:

1. Plaintiffs' motions to reconsider (Filing No. 79 in 8:09CV33 and Filing No. 37 in 8:09CV170) are denied; and

2. Plaintiff Schrader's motion to amend the progression order (Filing No. 67 in 8:09CV33) is denied as moot.

DATED this 8th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3