IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY SCHRADER, | ] | Case No. 8:09cv33 |
| | ] | |
| Plaintiff, | ] | **PROTECTIVE ORDER** |
| vs. | ] | **REGARDING DISCOVERY OF** |
| | ] | **PERSONNEL RECORDS OF** |
| HENNINGSEN FOODS, INC., | ] | **DEFENDANT** |
| | ] | **HENNINGSEN FOODS, INC.** |
| Defendant. | ] | |
| DIANE MORBACH, | ] | Case No. 8:09cv170 |
| | ] | |
| Plaintiff, | ] | **PROTECTIVE ORDER** |
| vs. | ] | **REGARDING DISCOVERY OF** |
| | ] | **PERSONNEL RECORDS OF** |
| HENNINGSEN FOODS, INC., | ] | **DEFENDANT** |
| | ] | **HENNINGSEN FOODS, INC.** |
| Defendant. | ] | |

**WHEREAS,** Plaintiffs Amy Schrader and Diane Morbach ("Plaintiffs") and their counsel in the above actions have sought, from Defendant Henningsen Foods, Inc. ("Henningsen"), production of personnel files and records maintained by Henningsen regarding certain of Henningsen's past and present employees, which information Henningsen regards as being highly confidential; and

**WHEREAS,** counsel for Plaintiffs and Henningsen have in good faith conferred and have agreed upon the terms of this Protective Order to cover and apply to any and all personnel files and personnel records that may be produced or disclosed by Henningsen in these actions, and for good cause shown;

**NOW, THEREFORE,** it is hereby ordered:

1. **Scope of Protection**

   1.1. This Protective Order shall apply to and respecting all personnel files and personnel records (including all documents from such files and all copies of such files and documents), regarding current or former employees of Henningsen, that Henningsen may

produce or provide for inspection and copying by Plaintiffs' counsel in either of the above-captioned actions (hereinafter, "PERSONNEL RECORDS"). If it wishes to do so, Henningsen may redact all but the last four digits of social security account numbers from some or all of the PERSONNEL RECORDS prior to producing them or disclosing them.

    1.2.    This Protective Order shall apply to Plaintiffs, their attorney(s), and their attorneys' legal assistants, professional, clerical and secretarial staffs, agents and representatives, and, as provided in and subject to subsection 3.1, any independent experts and consultants employed or retained by Plaintiffs or their attorneys to assist them in the prosecution of either of the above-captioned actions (collectively herein referred to as "RECIPIENTS").

**2.**    **Limit on Use and Disclosure of PERSONNEL RECORDS.**

    2.1.    RECIPIENTS shall use, copy and disclose the PERSONNEL RECORDS only in connection with and as reasonably necessitated by the prosecution of the above-captioned actions, and only as permitted by this Protective Order, unless other use is permitted by written consent of Henningsen (or its attorneys of record) or by order of the Court. Plaintiffs Amy Schrader and Diane Morbach may review the PERSONNEL RECORDS, and may be provided copies of selected or all of the PERSONNEL RECORDS, *only* upon the following terms and conditions and *only* upon signing a document in the following form:

> I understand that all of the personnel records of Henningsen Foods, Inc., and all copies of those records ("PERSONNEL RECORDS"), are subject to the terms of a Protective Order entered by the United States District Court for the District of Nebraska. I understand and agree that:
>
> (1) I have been allowed to review and/or provided copies of those PERSONNEL RECORDS only for use in connection with the lawsuit I have filed and which is presently pending against Henningsen Foods., Inc.
>
> (2) I am required to treat all of those PERSONNEL RECORDS as being strictly confidential. I may not disclose any contents of any of those PERSONNEL RECORDS to any other person other than my lawyer.
>
> (3) I may not copy or reproduce any of those PERSONNEL RECORDS in any manner.
>
> (4) After my lawsuit against Henningsen Foods, Inc, is completed, I must and will return all of the PERSONNEL RECORDS and all copies of them to my

lawyer.

(5) After my lawsuit against Henningsen Foods, Inc. is completed, I will be under a continuing obligation not to disclose, to any other person, any information that I obtained from reviewing any of the PERSONNEL RECORDS, and I agree that I will not do so.

2.2. RECIPIENTS shall exercise reasonable care to ensure that all PERSONNEL RECORDS are used only for the purposes specified in this Protective Order.

2.3 Nothing in this Protective Order prohibits Plaintiffs or their legal counsel from using the PERSONNEL RECORDS as reasonably required for the prosecution of Plaintiffs' claims.

3. **Disclosure to Independent Consultants and Experts.**

3.1. PERSONNEL RECORDS may be disclosed to independent consultants and experts who are employed or retained by Plaintiffs or their attorneys to assist them in the prosecution of this litigation, but only if both of the following two conditions are met:

(A) Such expert or consultant must reasonably require such PERSONNEL RECORDS to render such assistance; and

(B) Such expert or consultant must have signed and dated, prior to the disclosure, a written document acknowledging receipt of a copy of this Protective Order and agreeing to be bound by the terms of this Protective Order with respect to all PERSONNEL RECORDS disclosed to such expert or consultant.

3.2. Counsel for Plaintiffs shall maintain a list of the names and addresses of all persons to whom PERSONNEL RECORDS are disclosed pursuant to this Protective Order and shall provide a copy of that list to the attorneys of record for Henningsen, upon request, within thirty (30) days after final termination of these actions (including any appeals).

4. **Disclosure to Additional Persons.**

4.1. If Plaintiffs' legal counsel deems it necessary to provide or disclose any PERSONNEL RECORDS to any third-party electronic, computer, photocopying, or other duplicating or similar technical personnel for purposes of document duplication or preparation of evidentiary or summary exhibits, Plaintiff's legal counsel shall verbally inform such personnel

that the PERSONNEL RECORDS are confidential and required by court order to be kept confidential except as necessary to perform the duplication or exhibit preparation services requested by Plaintiff's counsel.

5. **Depositions.**

    5.1.    Whenever counsel for Henningsen deems that any question or line of questioning at any deposition calls for, may call for, or may result in disclosure of PERSONNEL RECORDS, all persons other than the court reporter, the witness being examined, the parties to these actions and their respective legal counsel, shall be excluded from the deposition room or location, at the request of Henningsen's counsel.

6. **Designation of Documents under Seal.**

    6.1.    Any PERSONNEL RECORDS filed with the Court shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party(ies) filing any paper which reflects, contains or includes any PERSONNEL RECORDS shall file such paper in a sealed envelope, or other appropriately sealed container or medium, which indicates the titles of the action(s), the party(ies) filing the materials, the nature of the materials filed, the legend "PERSONNEL RECORDS," and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of all parties to these actions.

7. **Further Protective Orders.**

    7.1.    This Protective Order shall not preclude Henningsen from seeking and obtaining, on an appropriate showing, such additional protection with respect to PERSONNEL RECORDS, or any other information, as Henningsen may consider appropriate.

8. **Limitation of Protective Order.**

    8.1.    This Protective Order is not intended to address discovery objections to

4

production, answering, or responding that are asserted on any ground(s) available by law or under the Federal Rules of Civil Procedure or the local rules of this district, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate on any ground available by law or under the Federal Rules of Civil Procedure or the local rules of this district.

       8.2    This Protective Order does not address waiver of the attorney-client privilege or work product doctrine based on inadvertent disclosure or otherwise. Plaintiffs and Henningsen expressly reserves the right to seek relief or protective orders from the Court to the effect that inadvertent disclosure of attorney-client privileged or work product information or documents shall not be deemed such a waiver and that the material shall be returned to Henningsen's attorneys of record if the Court determines that there has not been such a waiver.

## 9.    Other Proceedings.

       9.1.    By entering this Protective Order and limiting the disclosure of PERSONNEL RECORDS in this litigation, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in other litigation. Any RECIPIENT who may be subject to a subpoena, motion to compel, or other legal process or proceedings seeking disclosure or production of Henningsen's PERSONNEL RECORDS in other litigation shall in a prompt and timely manner notify Henningsen (or the attorneys of record for Henningsen) of the motion so that Henningsen may have an opportunity to appear and be heard on whether such information should be disclosed.

## 10.    Return of PERSONNEL RECORDS.

       10.1.    Within forty-five (45) days after final termination of these actions (including any appeals), RECIPIENTS shall assemble and return all materials constituting or containing PERSONNEL RECORDS, including all copies, extracts and summaries thereof, to Henningsen's attorneys of record, except that (a) any such documents or copies which contain, constitute or reflect work product of Plaintiffs' attorney(s) or attorney-client privileged communications between Plaintiffs and their attorney(s), and (b) any portions of archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses containing excerpts from such PERSONNEL RECORDS, may be destroyed by counsel for the

Plaintiffs.

## 11. Waiver or Termination of Order.

11.1. The restrictions imposed by this Protective Order may be waived or terminated only upon a written stipulation executed by the respective attorneys of record for both Plaintiffs and Henningsen, or by an order of the Court for good cause shown. The restrictions provided for in this Protective Order shall not terminate upon the conclusion of these actions, but shall survive the same and continue until further order of the Court.

Dated this 17th day of May, 2010.

BY THE COURT:

Thomas D. Thalken
United States Magistrate Judge